JOANNE ALNAJJAR BUSER (SBN 295191)
joanne.buser@quarles.com
JILLIAN E. STANLEY (SBN 323317)
Jillian.Stanley@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendants Wayfair LLC
and Wayfair Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| LEVELL DOVE,<br><br>             Plaintiff,<br><br>        v.<br><br>WAYFAIR, LLC., WAYFAIR, INC.<br>and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No. 5:24−cv−02066-HDV-(SPx)<br><br>**DEFENDANTS WAYFAIR LLC AND WAYFAIR INC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Judge:        Hon. Hernán D. Vera<br>Crtrm.:       5B<br>Magistrate:   Hon. Sheri Pym<br>Crtrm:        4 |

Defendants Wayfair LLC and Wayfair Inc. (collectively, "Defendants") answer Plaintiff Levell Dove's ("Plaintiff" or "Dove") First Amended Complaint ("FAC") as follows:

### GENERAL ALLEGATIONS

1.      This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every such allegation contained within paragraph 1.

2.      This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every such allegation contained within paragraph 2.

/ / /

3.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff was a resident of Riverside, California, "[a]t all times mentioned" and on that basis deny that allegation, but aver that Plaintiff's last known address with Defendant Wayfair LLC, his only employer, was in Riverside County.

4.    This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants aver that Wayfair LLC was Plaintiff's only employer, and has its principal place of business in Massachusetts, but is authorized to conduct business in California, with a California business address of 3500 Indian Ave., Perris, California 92571. Responding further, Defendant Wayfair Inc., which did not employ Plaintiff, has a principal place of business and headquarters in Massachusetts.  Defendants deny each and every other allegation contained within paragraph 4.

5.    This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every such allegation contained within paragraph 5 and aver that Defendant Wayfair LLC was Plaintiff's only employer.

6.    This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every such allegation contained within paragraph 6 and aver that Defendant Wayfair LLC was Plaintiff's only employer.

7.    This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every such allegation contained within paragraph 7 and aver that Defendant Wayfair LLC was Plaintiff's only employer.

8.    This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny

/ / /

DEFENDANTS WAYFAIR LLC AND WAYFAIR INC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

each and every such allegation contained within paragraph 8 and aver that Defendant Wayfair LLC was Plaintiff's only employer.

9.      This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every such allegation contained within paragraph 9 and aver that Defendant Wayfair LLC was Plaintiff's only employer.

10.      This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every such allegation contained within paragraph 10 and aver that Defendant Wayfair LLC was Plaintiff's only employer.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the FAC, and, on that basis, deny each and every factual allegation contained therein.

12.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the FAC, and, on that basis, deny each and every factual allegation contained therein.

13.      This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every such allegation contained within paragraph 13.

## VENUE

14.      This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny the allegations in this paragraph, but aver that venue is appropriate in this Court.

## FACTUAL ALLEGATIONS COMMON OF ALL CAUSES OF ACTION

15.      Aver that Plaintiff began working for Wayfair LLC in or about December 2, 2019. Responding further, Defendants deny Plaintiff was ever employed by Wayfair Inc.

DEFENDANTS WAYFAIR LLC AND WAYFAIR INC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

16.     This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny the allegations in this paragraph. Responding further, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of whether Plaintiff identifies as an African-American male.

17.     This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every such allegation in this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

18.     This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every such allegation in this paragraph.

19.     This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every such allegation in this paragraph, except aver that Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of Plaintiff's understanding and interpretation as alleged in paragraph 19.

20.     This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every such allegation in this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

21.     This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every such allegation in this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

22.     Deny each and every allegation in paragraph 22, and aver that Plaintiff applied for a L2 Supervisor position in April 2022.

/ / /

DEFENDANTS WAYFAIR LLC AND WAYFAIR INC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

23.    Deny each and every allegation in paragraph 23, and aver that Plaintiff did not obtain the L2 Supervisor position he applied for in April 2022.

24.    This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every such allegation in this paragraph.

25.    This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every such allegation in this paragraph, except aver that Defendant Wayfair LLC, Plaintiff's only employer, terminated Plaintiff's employment on August 15, 2022.

## FIRST CAUSE OF ACTION – RACIAL DISCRIMINATION AND HARASSMENT

(California Government Code §12940(a) *et seq*.)

26.    Defendants incorporate their responses to paragraphs 1 through 25 above.

27.    This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every such allegation in this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

28.    This paragraph, erroneously numbered as 27, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every such allegation in this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

29.    This paragraph, erroneously numbered as 28, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every such allegation in this paragraph, and aver that Defendant Wayfair LLC has more than five employees in California and that Wayfair LLC was Plaintiff's only employer.

30.     This paragraph, erroneously numbered as 29, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every such allegation in this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

31.     This paragraph, erroneously numbered as 30, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every such allegation in this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

32.     This paragraph, erroneously numbered as 31, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding Plaintiff's alleged protected categories.

33.     This paragraph, erroneously numbered as 32, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding Plaintiff's alleged distress and damages.

34.     This paragraph, erroneously numbered as 33, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding Plaintiff's alleged loss of earnings and earning capacity.

35.     This paragraph, erroneously numbered as 34, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding Plaintiff's alleged distress and damages.

DEFENDANTS WAYFAIR LLC AND WAYFAIR INC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

36.     This paragraph, erroneously numbered as 35, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding alleged loss of interest on earnings.

37.     This paragraph, erroneously numbered as 36, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding whether Plaintiff has already incurred attorney's fees, and deny the remaining allegations.

38.     This paragraph, erroneously numbered as 37, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every such allegation in this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

## **SECOND CAUSE OF ACTION – RETALIATION**

(California Government Code §12940(h) and Labor Code §1102.5)

39.     Defendants incorporate their responses to paragraphs 1 through 38 above.

40.     This paragraph, erroneously numbered as 39, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every allegation in this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

41.     This paragraph, erroneously numbered as 40, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every allegation in this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

/ / /

DEFENDANTS WAYFAIR LLC AND WAYFAIR INC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

42.    This paragraph, erroneously numbered as 41, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every allegation in this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

43.    This paragraph, erroneously numbered as 42, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every allegation in this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

44.    This paragraph, erroneously numbered as 43, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every allegation in this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

45.    Defendants incorporate their responses to paragraphs 1 through 44 above.

## THIRD CAUSE OF ACTION – FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION

(California Government Code §12940(h))

46.    Defendants incorporate their responses to paragraphs 1 through 45 above.

47.    This paragraph, erroneously numbered as 46, contains conclusions of law to which no response is required.

48.    This paragraph, erroneously numbered as 47, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every allegation in this paragraph, including subsections (a) through (f) and aver that Defendant Wayfair LLC was Plaintiff's only employer.

49.    This paragraph, erroneously numbered as 48, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual

8

allegations, Defendants deny each and every allegation in this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

50.    This paragraph, erroneously numbered as 49, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every allegation in this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

51.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, erroneously numbered as 50, and aver that Defendant Wayfair LLC was Plaintiff's only employer.

52.    This paragraph, erroneously numbered as 51, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding Plaintiff's alleged loss of earnings and other benefits and aver that Defendant Wayfair LLC was Plaintiff's only employer.

53.    This paragraph, erroneously numbered as 52, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained this paragraph regarding Plaintiff's alleged damages and aver that Defendant Wayfair LLC was Plaintiff's only employer.

54.    This paragraph, erroneously numbered as 53, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every allegation in this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

55.    This paragraph, erroneously numbered as 54, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual

/ / /

DEFENDANTS WAYFAIR LLC AND WAYFAIR INC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

allegations, Defendants deny the allegations contained within this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

56.    This paragraph, erroneously numbered as 55, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny the allegations contained within this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

## FOURTH CAUSE OF ACTION – CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBIC POLICY and FEHA

57.    Defendants incorporate their responses to paragraphs 1 through 56 above.

58.    This paragraph, erroneously numbered as 57 contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every allegation contained within this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

59.    This paragraph, erroneously numbered as 58, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every allegation contained within this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

60.    This paragraph, erroneously numbered as 59, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every allegation in this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

61.    This paragraph, erroneously numbered as 60, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every allegation in this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

62.    This paragraph, erroneously numbered as 61, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual

10

1  allegations, Defendants deny each and every allegation in this paragraph and aver
2  that Defendant Wayfair LLC was Plaintiff's only employer.

3      63.    This paragraph, erroneously numbered as 62, contains conclusions of
4  law to which no response is required.  To the extent this paragraph contains factual
5  allegations, Defendants deny each and every allegation contained within this
6  paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

7      64.    This paragraph, erroneously numbered as 63, contains conclusions of
8  law to which no response is required.  To the extent this paragraph contains factual
9  allegations, Defendants deny each and every allegation contained within this
10 paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

11 **<u>FIFTH CAUSE OF ACTION – VIOLATION OF CALIFORNIA LABOR</u>**
12 **<u>CODE §§ 203, 226(A).</u>**

13     65.    Defendants incorporate their responses to paragraphs 1 through 64
14 above.

15     66.    This paragraph, erroneously numbered as 65, contains conclusions of
16 law to which no response is required.

17     67.    This paragraph, erroneously numbered as 66, contains conclusions of
18 law to which no response is required.  To the extent this paragraph contains factual
19 allegations, Defendants deny each and every allegation in this paragraph and aver
20 that Defendant Wayfair LLC was Plaintiff's only employer.

21     68.    Deny each and every allegation in this paragraph, erroneously
22 numbered as 67, and aver that Defendant Wayfair LLC was Plaintiff's only
23 employer.

24     69.    Deny each and every allegation in this paragraph, erroneously
25 numbered as 68, and aver that Defendant Wayfair LLC was Plaintiff's only
26 employer.

27 / / /

28 / / /

DEFENDANTS WAYFAIR LLC AND WAYFAIR INC'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT

70.    Deny each and every allegation in this paragraph, erroneously numbered as 67, and aver that Defendant Wayfair LLC was Plaintiff's only employer.

71.    This paragraph, erroneously numbered as 68, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every allegation in this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

72.    This paragraph, erroneously numbered as 69, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every allegation this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

73.    This paragraph, erroneously numbered as 70, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every allegation in this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

74.    This paragraph, erroneously numbered as 71, contains conclusions of law to which no response is required.

75.    This paragraph, erroneously numbered as 72, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every allegation in this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

76.    This paragraph, erroneously numbered as 73, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every allegation in this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

77.    This paragraph, erroneously numbered as 74, contains conclusions of law to which no response is required.

/ / /

DEFENDANTS WAYFAIR LLC AND WAYFAIR INC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

78.   This paragraph, erroneously numbered as 75, contains conclusions of law to which no response is required.

79.   This paragraph, erroneously numbered as 76, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every allegation in this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

80.   This paragraph, erroneously numbered as 77, contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, Defendants deny each and every allegation contained this paragraph and aver that Defendant Wayfair LLC was Plaintiff's only employer.

## WHEREFORE CLAUSE

Defendants deny each and every allegation contained within sub-paragraphs 1 through 8 of the Wherefore Clause in the FAC.

## AFFIRMATIVE DEFENSES

As a separate and affirmative defense to each and every cause of action against Defendants set forth in the FAC, Defendants alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's FAC and each cause of action therein fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiff's claims are barred, in part, to the extent they rely on facts as to which he failed to timely exhaust his administrative remedies and/or facts or theories not identified in his administrative charge filed with the California Civil Rights Department (formerly, Department of Fair Employment and Housing), and/or Equal Employment Opportunity Commission.

/ / /

DEFENDANTS WAYFAIR LLC AND WAYFAIR INC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## THIRD AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory and Non-Retaliatory Reasons)

The FAC and all causes of action asserted therein are barred because each employment action concerning Plaintiff was taken in good faith, in the exercise of business judgment, and for legitimate, non-retaliatory and non-discriminatory reasons.

## FOURTH AFFIRMATIVE DEFENSE

### (Same Decision)

If Plaintiff proves to a trier of fact that an improper motive was a substantial motivating factor in any or all of the challenged job actions, Defendants contend that the same job action would have been taken for proper motives, therefore barring each of the causes of action in Plaintiff's FAC.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

Defendants are informed and believe, and on that basis allege, that Plaintiff has, by his conduct, waived his right to bring all causes of action.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's FAC, and each alleged cause of action contained therein, is barred in whole or in part because the loss or harm sustained by Plaintiff, if any, resulted from his own acts or omissions and was not due to any act or omission of Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Defendants are informed and believe, and on that basis allege, that Plaintiff has failed, refused, or neglected to mitigate or avoid the damages complained of in his FAC. By reason of the foregoing, Plaintiff is barred, in whole or in part, from recovering monetary damages from Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Plaintiff's claims for punitive damages are barred, in whole or in part, because Plaintiff has failed to plead facts sufficient to support an award of punitive damages.

## NINTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

Although Defendants deny that they have committed or have responsibility for any act that could support the recovery of punitive damages in the action, if and to the extent that any such act is found, recovery of punitive damages is unconstitutional under various provisions of the United States Constitution including, but not limited to, the Due Process Clause of the Fifth Amendment and section 1 of the Fourteenth Amendment.  In addition, the recovery of punitive damages against Defendants is unconstitutional under various provisions of the California Constitution including, but not limited to, the Excessive Fines Clause of section 17 of article I and the Due Process Clause of section 1 of article I.

## TENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

Plaintiff's damages, if any, are limited by the doctrine of avoidable consequences.  Defendants had policies to prevent unlawful discrimination and harassment in the workplace, including internal complaint mechanisms that would lead to prompt, effective remedies in the event of a complaint.  Plaintiff was aware of these policies, but failed to utilize them, and thus allegedly suffered from harm that could have been avoided.

/ / /

/ / /

/ / /

/ / /

## ELEVENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Acts and Omissions)

The FAC, and each alleged cause of action contained therein, is barred, in whole or in part, because the loss or harm sustained by Plaintiff, if any, resulted from his own acts or omissions, or those of third parties, and was not due to any act or omission of Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

### (Set Off)

Plaintiff is barred, in whole or in part, from recovering monetary damages from Defendants because any monetary damages or restitution due, if any, to Plaintiff for civil penalties must be offset by the amount Defendants overpaid, including, but not limited to, overpayment of wages and/or bonuses.  In addition, any amount(s) recovered by Plaintiff in any other action against Defendants covering some or all of the same time period may be used as an offset by Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (*De Minimis*)

Plaintiff's claims are barred in whole or in part because any alleged violations were insubstantial or insignificant and are therefore disregarded under the *de minimis* doctrine.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Defendants presently have insufficient knowledge or insufficient information upon which to form a belief as to whether they may have additional, yet unasserted, affirmative defenses. Defendants therefore reserve the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

/ / /

/ / /

16

1    Wherefore, Defendants pray that:

2    1.    Plaintiff's FAC and all claims and causes of action therein be dismissed

3  with prejudice;

4    2.    Plaintiff take nothing by way of his FAC or any claims stated therein;

5    3.    Judgment be entered against Plaintiff and in favor of Defendants;

6    4.    Defendants be awarded their costs incurred in this action, including

7  reasonable attorneys' fees; and

8    5.    For such other and further relief as the court deems just and proper.

9

10  Dated:  January 14, 2025         QUARLES & BRADY LLP

11

12                                    By:    _/s/ Joanne Alnajjar Buser_

13                                    JOANNE ALNAJJAR BUSER
                                      JILLIAN E. STANLEY
14                                    Attorneys for Defendants Wayfair LLC and
                                      Wayfair Inc.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

# PROOF OF SERVICE

**Levell Dove v. Wayfair, LLC., et al.**
**Case No. 5:24−cv−02066-HDV-(SPx)**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101.

On January 14, 2025, I served true copies of the following document(s) described as **DEFENDANTS WAYFAIR LLC AND WAYFAIR INC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

Sean M. Novak, Esq. (SBN 198307)
Farbod Youmtobian, Esq. (SBN 322576)
Elisheva Rafael, Esq. (SBN 325829)
**THE NOVAK LAW FIRM, P.C.**
2609 N. Sepulveda Blvd.
Manhattan Beach, CA 90266
Email: smn@novaklawfirm.com
farbod@novaklawfirm.com
er@novaklawfirm.com
ketzia@novaklawfirm.com
service@novaklawfirm.com

Attorney for Plaintiff Levell Dove

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 14, 2025, at San Diego, California.

_____
Amy R. Arnold

1
DEFENDANTS WAYFAIR LLC AND WAYFAIR INC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT