JOANNE ALNAJJAR BUSER (SBN 295191)
joanne.buser@quarles.com
JILLIAN E. STANLEY (SBN 323317)
Jillian.Stanley@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendants Wayfair LLC
and Wayfair Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| LEVELL DOVE,<br><br>    Plaintiff,<br><br>  v.<br><br>WAYFAIR, LLC., WAYFAIR, INC. and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 5:24−cv−02066-HDV-(SPx)<br><br>**DEFENDANTS WAYFAIR LLC AND WAYFAIR INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:  October 30, 2025<br>Time:  10:00 a.m.<br><br>Judge:       Hon. Hernán D. Vera<br>Crtrm.:      5B<br>Magistrate:  Hon. Sheri Pym<br>Crtrm:       4 |

---

DEFENDANTS WAYFAIR LLC AND WAYFAIR INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE COURT, PLAINTIFF LEVELL DOVE, AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 30, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Hernán D. Vera, United States District Judge, located in Courtroom 5B of the United States District Court for the Central District of California, 350 W. 1st Street, Los Angeles, CA 90012, Defendants Wayfair LLC and Wayfair Inc. (collectively, "Defendants") will move for an Order granting summary judgment to dismiss the First Amended Complaint pursuant to Rule 56(a) of the Federal Rules of Civil Procedure or, in the alternative, partial summary judgment pursuant to Rule 56(a), as to each of Plaintiff Levell Dove's ("Dove") claims against Defendants in the First Amended Complaint.

On August 28, 2025, this Court granted Defendants' *ex parte* application to adjust the briefing schedule in lieu of the default briefing schedule set forth in the Court's Civil Standing Order. *See* ECF Doc. Nos. 7 and 31. Accordingly, Defendants file and serve this Motion pursuant to the briefing schedule so ordered by the Court on August 28, 2025, per ECF Doc. No. 31.

By way of this Motion, Defendants seek the following:

For an Order pursuant to Rule 56(a) of the Federal Rules of Civil Procedure adjudicating that all of the following issues in this action are established without substantial controversy against Dove, upon the undisputed material facts, that no further proof thereof shall be required at the trial of this matter, and that a final judgment dismissing Dove's First Amended Complaint with prejudice shall be entered.

In the alternative, Defendants seek an Order adjudicating each of the following issues for partial summary judgment, which shall be based upon the issues so established, as set forth in the accompanying Statement of Uncontroverted Facts:

**Issue One:** Wayfair Inc. is a holding company that never employed Plaintiff

2

DEFENDANTS WAYFAIR LLC AND WAYFAIR INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT

and, accordingly, should be entirely dismissed from Dove's lawsuit.

**Issue Two:** Plaintiff has not identified objectively severe or pervasive harassment based on his race to prove a FEHA harassment claim (First Cause of Action).

**Issue Three**: Plaintiff's allegations of performing "hazardous tasks" and "false disciplinary actions" do not rise to the level of actionable FEHA harassment because they are routine managerial actions, thus, his First Cause of Action as to these claims should be dismissed.

**Issue Four**: Plaintiff's allegations of performing "hazardous tasks" and "false disciplinary actions" do not rise to the level of actionable FEHA harassment because they are not connected to his race, thus, his First Cause of Action as to these claims should be dismissed.

**Issue Five**: Dove cannot prove FEHA discrimination based on his claims of performing "hazardous tasks," "false disciplinary actions" and resignation because these are not adverse employment actions as a matter of law, thus, his First Cause of Action based on these claims should be dismissed.

**Issue Six:** Dove cannot prove FEHA discrimination because he cannot prove his race impacted any of Wayfair LLC's decisions, thus, his First Cause of Action should be dismissed.

**Issue Seven:** Dove cannot prove FEHA retaliation based on his claims of receiving "false disciplinary actions" and his resignation because these are not adverse employment actions as a matter of law, thus, his Second Cause of Action based on these claims should be dismissed.

**Issue Eight:** Dove cannot prove FEHA retaliation because there is no causal connection between any adverse action and any protected activity, thus, his Second Cause of Action should be dismissed.

**Issue Nine:** Dove cannot prove FEHA retaliation because Dove cannot prove Wayfair's legitimate reasons for its actions were pretextual, thus, his Second Cause

of Action should be dismissed.

**Issue Ten:** Dove cannot prove Labor Code section 1102.5 retaliation because there is no causal connection between any adverse action and any protected activity to make a *prima facie* case, thus, his Second Cause of Action should be dismissed.

**Issue Eleven:** Dove cannot prove Labor Code section 1102.5 retaliation because Wayfair had clear and convincing evidence supporting its independent reasons for any adverse actions as required by Labor Code section 1102.6, thus, his Second Cause of Action should be dismissed.

**Issue Twelve:** Dove cannot prove his FEHA failure to prevent harassment, discrimination, or retaliation claim because he cannot establish an underlying FEHA violation, thus, his Third Cause of Action should be dismissed.

**Issue Thirteen:** Dove cannot prove his wrongful termination claim because he cannot establish an underlying FEHA or Labor Code violation, thus, his Fourth Cause of Action should be dismissed.

**Issue Fourteen:** Dove cannot prove a constructive discharge claim because he cannot prove any actionable FEHA harassment, thus, his Fourth Cause of Action should be dismissed.

**Issue Fifteen:** Dove cannot prove a violation of Labor Code section 203 because Dove's wage statements prove he received his meal/rest periods, and overtime, and he never reported any wage and hour violations to Wayfair, thus, his Fifth Cause of Action should be dismissed.

**Issue Sixteen:** Dove cannot prove a violation of Labor Code section 226 because Dove received his meal/rest periods and overtime, and he never reported any wage and hour violations to Wayfair, thus, his Fifth Cause of Action should be dismissed.

**Issue Seventeen:** Dove cannot establish any malice, oppression, or fraud by a managing agent to prove punitive damages, thus, this claim must be dismissed.

This Motion is based on this Notice of Motion and Motion for Summary

Judgment or, in the Alternative, Motion for Partial Summary Judgment, and the concurrently filed: Memorandum of Points and Authorities; Statement of Uncontroverted Facts; Declaration of Joanne Alnajjar Buser, Esq., Declaration of Valerie Bonilla, and Declaration of Samantha Snell, and all exhibits attached to each declaration; the Notice of Lodgment and the exhibit attached thereto; the evidence submitted in support of this Motion; any reply memorandum of points and authorities that may be filed by Defendants; any and all pleadings, papers, or records submitted in this matter; and upon any and all further argument and evidence as may be presented to the Court at the time of the hearing on this matter.

This Motion is made following the conference of counsel pursuant to Local Civil Rule 7-3, which took place via telephone on September 10, 2025 between counsel for Plaintiff, Farbod Youmtobian, on the one hand, and counsel for Defendants, Joanne Alnajjar Buser and Jillian Stanley, on the other hand. A description of the meet and confer conference is contained within the Declaration of Joanne Alnajjar Buser.

Dated: September 18, 2025  QUARLES & BRADY LLP

By: _____
JOANNE ALNAJJAR BUSER
JILLIAN E. STANLEY
Attorneys for Defendants Wayfair LLC and Wayfair Inc.